UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LEON WASHINGTON and<br>CLARA WASHINGTON<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF FORT WAYNE, J. HAUPERT,<br>J. SLYGH and FRED ROGERS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)   CASE NO.  1:03-CV-96-TS<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

On January 30, 2001, Defendant police officers, J. Haupert, J. Slygh, and Fred Rogers, arrested the Plaintiffs, Leon and Clara Washington, for domestic battery. In this lawsuit, the Plaintiffs claim that their arrest was without probable cause.

On July 15, 2005, the Defendants moved for summary judgment. The Plaintiffs responded on August 15, and the Plaintiffs filed a Reply on August 25.

**A.     Summary Judgment Standard**

The Federal Rules of Civil Procedure mandate that motions for summary judgment be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "In other words, the record must reveal that no reasonable jury could find for the nonmoving party." *Dempsey v. Atchison, Topeka, & Santa Fe Ry. Co.*, 16 F.3d 832, 836 (7th Cir. 1994) (citations and quotation

marks omitted). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. The moving party may discharge its "initial responsibility" by simply "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Id.* at 325. When the non-moving party would have the burden of proof at trial, the moving party is not required to support its motion with affidavits or other similar materials negating the opponent's claim. *Id.* at 323, 325; *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 201 n.3 (7th Cir. 1994); *Fitzpatrick v. Catholic Bishop of Chicago*, 916 F.2d 1254, 1256 (7th Cir. 1990). However, the moving party may, if it chooses, support its motion for summary judgment with affidavits or other materials and thereby shift to the non-moving party the burden of showing that an issue of material fact exists. *Kaszuk v. Bakery & Confectionery Union & Indus. Int'l Pension Fund*, 791 F.2d 548, 558 (7th Cir. 1986); *Bowers v. DeVito*, 686 F.2d 616, 617 (7th Cir. 1982); *Faulkner v. Baldwin Piano & Organ Co.*, 561 F.2d 677, 683 (7th Cir. 1977).

Once a properly supported motion for summary judgment is made, the non-moving party cannot resist the motion and withstand summary judgment by merely resting on its pleadings. Fed. R. Civ. P. 56(e); *Donovan v. City of Milwaukee*, 17 F.3d 944, 947 (7th Cir. 1994). Federal Rule of

Civil Procedure 56(e) establishes that "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248–50 (1986). Thus, to demonstrate a genuine issue of fact, the non-moving party must do more than raise some metaphysical doubt as to the material facts; the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *Juarez v. Ameritech Mobile Communications, Inc.*, 957 F.2d 317, 322 (7th Cir. 1992). Conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. *Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *NLFC, Inc. v. Devcom Mid-Am., Inc.*, 45 F.3d 231, 234 (7th Cir. 1995); *Doe v. R.R. Donnelley & Sons Co.*, 42 F.3d 439, 443 (7th Cir. 1994); *Beraha v. Baxter Health Care Corp.*, 956 F.2d 1436, 1440 (7th Cir. 1992). A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson*, 477 U.S. at 249–50; *Doe*, 42 F.3d at 443.

**B.      Facts**

Resolving all genuine disputes and drawing all reasonable inferences in the Plaintiffs' favor, the facts assumed to be true for the purposes of ruling on the Defendants' Motion for Summary

Judgment are as follows:

Leon and Clara live in Fort Wayne, Indiana, and have been married for forty years. On January 30, 2001, they returned home from Mississippi where they attended the funeral of Clara's brother. Clara had been crying and Leon tried to cheer her up by throwing snowballs at her. She threw some snow back at him and laughed. The couple then went inside and Leon went upstairs to take a shower. When Leon finished showering, Clara called him to come downstairs. He came down and put his hands on her. Clara had juice in her hands and playfully dashed it on Leon.

Leon then playfully picked up a chair to get back at her, but she threatened to call 911. Leon put down the chair and went back upstairs. Clara then accidentally called 911 and hung up. The 911 operator called back and Leon answered the call. The operator wanted to speak with Clara, and Leon handed her the phone. The operator asked Clara if there was a problem at her home, and Clara responded, "Uh, my husband, uh, tryin' to fight me." (Df.'s Resp. Ex. A.) The operator asked her if Leon had hit her and she answered, "No." (*Id.*) She then asked if he was the one who hung up the phone, and after some hesitation Clara said, "Yeah." (*Id.*) The operator continued to inquire whether Leon had any weapons or been drinking, and Clara answered negatively to both questions. The conversation ended, and the operator told Clara that police officers were coming to her home to check out the situation.

Officers Haupert and Slygh responded to the call. Clara told them that Leon was asleep, that there was no trouble, and that she and Leon had been playing around. Leon remained in bed until the officers woke him up. They questioned him and he confirmed Clara's story. Clara asked the officers if they were going to take them to jail for calling 911, but Officer Slygh told her that no action would be taken against them. However, the officers told the Plaintiffs that they had to get

4

clearance from their supervisor, Sergeant Rogers, who had just arrived. Officers Haupert and Slygh then went outside to talk to Sergeant Rogers. When they returned, Sergeant Rogers was with them.

Sergeant Rogers wanted to know what was happening and why the couple was giving conflicting stories. Clara said, "Officer, I am telling the truth," to which Sergeant Rogers said, "How you telling the truth when this guy here is scratched up." Clara then said to Sergeant Rogers, "Apparently you have problem with ladies," and, immediately after this statement, Sergeant Rogers ordered Officer Haupert to arrest her. When Leon asked them, "You're not taking her to jail for this, are you?" Sergeant Rogers ordered his arrest as well. (Leon Dep. 18.)

During the entire time the officers were in the Plaintiffs' residence, the Plaintiffs cooperated with them and were polite.

**C.     False Arrest**

The Plaintiffs argue that by arresting them without probable cause, the Defendants violated their Fourth Amendment rights to be free from unreasonable seizure. The Defendants deny this allegation, and invoke their qualified immunity. In addition, Defendant City of Fort Wayne argues that it should be granted summary judgment because the Plaintiffs have not demonstrated that it maintained an unconstitutional official policy or custom that caused injury to them.

**(1)     *Standard for an Arrest***

To prevail in their claims for false arrest, the Plaintiffs must show that they were arrested without probable cause. *See Booker v. Ward*, 94 F.3d 1052, 1057 (7th Cir. 1996). "Probable cause exists when, at the time of the arrest, the arresting officer has knowledge of facts and circumstances

5

that would warrant a person of reasonable caution to believe that the suspect had committed a criminal act." *Winebrenner v. State,* 790 N.E. 2d 1037, 1040 (Ind. Ct. App. 2003) (citing *Ortiz v. State*, 716 N.E.2d 345, 348 (Ind.1999)).

This flexible, common-sense approach does not require that the officer's belief be correct or even more likely true than false, so long as it is reasonable. Moreover, this is an *ex ante* test: the fact that the officer later discovers additional evidence unknown to her at the time of the arrest is irrelevant to whether probable cause existed at the crucial time. *Qian*, 168 F.3d 949, 953–54 (7th Cir. 1999). "[P]robable cause depends not on the facts as an omniscient observer would perceive them but on the facts as they would have appeared to a reasonable person in the position of the arresting officer—seeing what he saw, hearing what he heard." *Mahoney v. Kesery*, 976 F.2d 1054, 1057 (7th Cir. 1992). Generally, whether there is probable cause is a jury question, but when there is no room for a difference of opinion concerning the facts or the reasonable inferences to be drawn from them, a court may decide the issue. *Neiman v. Keane*, 232 F.3d 577, 580 (7th Cir. 2000).

**(2)**     ***Application of the Standard***

Under the facts alleged by the Plaintiffs, the Defendant officers had no probable cause to arrest the Plaintiffs. The Plaintiffs maintain that they never accused each other of battery or otherwise gave an impression to the officers that they were involved in a domestic dispute. In fact, they insist they told the officers that they had been playful with each other and held no anger against one another. According to the Plaintiffs, Clara was arrested after she told Sergeant Rogers that he must have had something against ladies, and Leon was arrested when he questioned whether the officers really would arrest her for that. These facts did not warrant a person of reasonable caution

6

to believe that the Plaintiffs had committed a criminal act.

Neither are the Defendant officers protected by qualified immunity, if the events described by the Plaintiffs really occurred. Any reasonable officer in their position would have known that there was no probable cause to arrest the Plaintiffs. Accordingly, summary judgment for the defendant officers is unwarranted.

However, since the Plaintiffs have not alleged that the City of Fort Wayne maintained an unconstitutional policy or custom that caused the Plaintiffs' arrests, the Court will grant summary judgment in its favor. *See Straus v. City of Chicago*, 760 F.2d 765, 768 (holding that plaintiffs must state facts suggesting the existence of an unconstitutional policy to bring a § 1983 claim against a city).

## CONCLUSION

The Court GRANTS in PART and DENIES in PART the Defendant's Motion for Summary Judgement [DE 56]. The City of Fort Wayne is dismissed from this case.

SO ORDERED on November 2, 2005.

    S/ Theresa L. Springmann
    THERESA L. SPRINGMANN
    UNITED STATES DISTRICT COURT