UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LEON WASHINGTON and CLARA WASHINGTON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) CAUSE NO. 1:03-CV-096-TS ) |
| JAMES HAUPERT, JOEL SLYGH, and FRED ROGERS, | ) ) ) |
| Defendants. | ) ) |

**OPINION and ORDER**

Leon Washington and Carla Washington, *pro se* plaintiffs, jointly submitted a second *in forma pauperis* petition along with a statement of their issues on appeal [DE 162] as directed by the Court, (*see* Court Order, DE 159). The Plaintiffs also filed a Motion Requesting Waiver of Remaining Transcript Fee [DE 161].

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). The Plaintiffs state that they have four issues on appeal. The first and third issues restate the essence of their allegations: that Fort Wayne Police Department officers violated their rights, and that this violation was racially motivated. A general claim or cause of action is not an appealable issue. The fourth issue is "[w]hether removal of evidence in Plaintiffs [*sic*] case, use of false evidence, and ineffective counsel aided the all white jury." (Pls. Aff. 7.) The first two clauses are too vague for the Court to determine if they are taken in good faith.

The third aspect, that the Plaintiffs suffered from ineffective assistance of counsel, is frivolous and not taken in good faith for two reasons. First, Seventh Circuit "cases make it quite

clear that there is no Sixth Amendment right to effective assistance of counsel in a civil case."
*Stanciel v. Gramley*, 267 F.3d 575, 581 (7th Cir. 2001). Second, attorney Robert Vegeler provided excellent representation for the Plaintiffs. His work on their behalf during the three-day jury trial was exceptional. Further, he represented them upon appointment by the Court. It is also worth noting for the record that Vegeler was the most recent of six attorneys who represented the Plaintiffs over the course of their seven-year case.

However, the Plaintiffs' second ground for appeal—"[w]hether Trial Court committed clear error allowing the prosecutor [*sic*] to strike the only Black juror to seat an all White jury," (Pl. Aff. 6)—could possibly be taken in good faith. *See Tinner v. United Ins. Co. of Am.*, 308 F.3d 697 (7th Cir. 2002) (providing a detailed analysis of the plaintiff's claim that the defendant used a peremptory strike against a potential juror who was black for racially motivated reasons). The Plaintiffs, who are black, objected to the Defendants' use of a peremptory strike against the one black member of the prospective jury pool. (The Court notes that one of the three Defendants, Sergeant Fred Rogers, was black.) The Court cannot say with certainty that this issue is frivolous even though the Court is at a loss as to how the Plaintiffs will succeed in this *Batson* challenge.

Regarding the Plaintiffs' request for waiver of the transcript fee, federal law provides:

> Upon the filing of an affidavit in accordance with subsections (a) and (b) and the prepayment of any partial filing fee as may be required under subsection (b), the court may direct payment by the United States of the expenses of (1) printing the record on appeal in any civil or criminal case, if such printing is required by the appellate court .

28 U.S.C. § 1915(c). Also, "[f]ees for transcripts furnished . . . to persons permitted to appeal in forma pauperis shall . . . be paid by the United States if the trial judge or a circuit judge certifies

that the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. § 753(f).

The Court has already determined that the Plaintiffs' *Batson* issue is not frivolous. The Court conducted a side bar during *voir dire* to hear, consider, and then rule on the Plaintiffs' *Batson* challenge to the Defendants use of a peremptory strike against the only black member of the prospective jury panel. The appellate court will need that portion of the transcript in order to review the Court's ruling and decide the Plaintiffs' appeal. Therefore, the portion of the transcript relating to the Plaintiffs' *Batson* challenge during *voir dire* will be prepared at the expense of the United States pursuant to 28 U.S.C. § 753(f).

A review of the Plaintiffs' affidavit [DE 162] indicates that they cannot afford to pay the filing fee. Because of this and the one non-frivolous issue on appeal: the Motion Requesting Waiver of Remaining Transcript Fee [DE 161] is GRANTED IN PART; the *in forma pauperis* petition [DE 162] is GRANTED; the filing fee is DEFERRED; and the Plaintiffs are ORDERED to pay the $455.00 filing fee from the proceeds of any recovery that they receive in this case.

So ORDERED on September 23, 2008.

      s/ Theresa L. Springmann
      THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT