UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| LEON WASHINGTON and<br>CLARA WASHINGTON, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | CAUSE NO. 1:03-CV-096-TS |
| JAMES HAUPERT, JOEL SLYGH,<br>and FRED ROGERS, | )<br>)<br>) | |
| Defendants. | ) | |

**OPINION and ORDER**

Before the Court are two Motions for Copy of Trial Transcripts [DE 168 & 174], filed by the *pro se*[1] Plaintiffs Leon Washington and Carla Washington on December 12 and 19, 2008. The Plaintiffs ask for an order that they receive a copy of the trial transcript.

Before considering the substance of these motions, the Court must ensure it has jurisdiction to hear this matter. "The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). "Only one court at a time has jurisdiction over a subject." *United States v. McHugh*, 528 F.3d 538, 540 (7th Cir. 2008). That means that "a district court may not interfere with [the appeals] court's jurisdiction by amending a decision that is under appellate review." *Id.*

The district court may exercise some jurisdiction and control over certain aspects of a

---

[1] The Plaintiffs were represented by counsel during their trial but have since proceeded on appeal *pro se*. (*See Pro Se* Notice of Appeal, DE 152; September 12, 2008, Order Granting Motion to Withdaw, DE 160).

case that is before an appeals court because the *Griggs* rule "applies only to those aspects of the case involved in the appeal." *Kusay v. United States*, 62 F.3d 192, 194 (7th Cir. 1995) (internal quotations omitted). The Court is satisfied that it has jurisdiction to consider and decide these motions because whether the Plaintiffs have access to and possession of the transcripts is not the issue on appeal. Rather, this issue is "ancillary." *Id.*

The Court is advised by the Court Reporter and the Division Manager of the Clerk's Office that each of them sent transcripts to the Plaintiffs. The docket reflects this as well. Therefore, the Plaintiffs' Motions [DE 168, 174] are DENIED AS MOOT.

Furthermore, because this case is on appeal, this Court is not the appropriate forum for motions regarding transcripts. The Plaintiffs are DIRECTED to file any further motions regarding transcripts or any other matters with the United States Court of Appeals for the Seventh Circuit and not with this Court.

SO ORDERED on February 5, 2009.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT